[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13603
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 26, 2010
JOHN LEY
CLERK

Agency No. A099-635-906

WILLIAM JAVIER GARCIA SHIMIZU,

                                                                                                Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                                                Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(February 26, 2010)

Before DUBINA, Chief Judge, CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Petitioner William Javier Garcia Shimizu seeks review of the order by the

Board of Immigration Appeals ("BIA") denying his motion to reconsider its earlier order affirming the immigration judge's ("IJ") order denying his request for asylum and withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), 8 U.S.C. §§ 1158, 1229a(c)(6), and 1231, 8 C.F.R. § 208.16(c). In his supporting brief, in addition to arguing about the reconsideration order, Shimizu also appears to attack the IJ's and the BIA's underlying orders denying asylum, withholding of removal, and CAT relief. This appeal raises two issues, namely (1) whether we have jurisdiction to review the BIA's decision affirming the IJ's denial of Shimizu's application for asylum, withholding of removal, and CAT relief; and (2) whether the BIA abused its discretion in denying Shimizu's motion to reconsider.

I.

On appeal, Shimizu appears to challenge the merits of the BIA's final removal order, denying his request for asylum, withholding of removal, and CAT relief. He argues that the BIA erred in sustaining the IJ's alleged adverse credibility finding, as the finding was predicated on his purported omission of his homosexual status from his first asylum application, although such status was irrelevant to his initial claim of political persecution.

We review questions of subject matter jurisdiction *de novo*. *Sanchez*

2

*Jimenez v. U.S. Att'y Gen.*, 492 F.3d 1223, 1231 (11th Cir. 2007). While we generally have jurisdiction to review final orders of removal, the petition for review must be filed within 30 days of the date of the final order of removal. INA § 242(a)(1), (b)(1), 8 U.S.C. § 1252(a)(1), (b)(1). We do not have jurisdiction to review a final order of removal if the petition for review is not filed within this deadline, as "the statutory limit for filing a petition for review in an immigration proceeding is mandatory and jurisdictional, [and] it is not subject to equitable tolling." *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (internal quotation marks omitted). Furthermore, the Supreme Court has held that "the filing of [a] reconsideration motion does not toll the time to petition for review." *Stone v. I.N.S.*, 514 U.S. 386, 395, 115 S. Ct. 1537, 1544, 131 L. Ed. 2d 465 (1995); *see also Dakane*, 399 F.3d at 1272 n.3 (citing *Stone* for the proposition that the time for filing a petition for review "is not suspended or tolled by the [filing of] a motion to reopen the removal proceedings").

Because Shimizu did not file his petition for review within 30 days of the BIA's order denying his application for asylum, withholding of removal, and CAT relief, we conclude that we do not have jurisdiction to consider the merits of that decision. Accordingly, we dismiss the petition in this regard.

II.

Shimizu next argues that the BIA erred in denying his motion for

3

reconsideration because, in doing so, the BIA sustained the IJ's alleged adverse credibility finding. A review of the record shows that Shimizu raised essentially the same claim in his appeal of the IJ's decision.

"We review the BIA's denial of a motion to reconsider for abuse of discretion." *Assa'ad v. U.S. Att'y Gen.*, 332 F.3d 1321, 1341 (11th Cir. 2003). "Our review is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." *Montano Cisneros v. U.S. Att'y Gen.*, 514 F.3d 1224, 1226 (11th Cir. 2008) (internal quotation marks omitted) (addressing motions to reopen). Motions to reconsider are disfavored, especially in a removal proceeding, "where, as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." *I.N.S. v. Doherty*, 502 U.S. 314, 323, 112 S. Ct. 719, 724-25, 116 L. Ed. 2d 823 (1992) (discussing motions to reopen).

"A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1); see also INA § 240(c)(6)(C), 8 U.S.C. § 1229a(c)(6)(C). "However, a motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind." *Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1329 (11th

4

Cir. 2007) (internal quotation marks and alteration omitted). "Therefore, merely reiterating arguments previously presented to the BIA does not constitute specifying errors of fact or law as required for a successful motion to reconsider." *Id.* (internal quotation marks and ellipsis omitted).

We conclude from the record that the BIA did not abuse its discretion in denying Shimizu's motion to reconsider because the motion merely reiterated arguments that the BIA previously had considered and rejected. Accordingly, we deny Shimizu's petition in this regard.

### *Conclusion*

Based on our review of the record and the parties' briefs, we dismiss Shimizu's petition in part and deny his petition in part.

**PETITION DISMISSED in part, DENIED in part.**